# JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| GLENN PROVOST, | ) Case No.: SACV 14-01982-CJC(DFMx) |
| Plaintiff, | ) |
| v. | ) ORDER REMANDING CASE FOR |
| ILWU-PMA WELFARE PLAN, | ) LACK OF SUBJECT MATTER JURISDICTION |
| Defendant. | ) |

## I.  INTRODUCTION & BACKGROUND

Plaintiff Glenn Provost, appearing *pro se*, filed a small claims action for $10,000 in Orange County Superior Court against Defendant ILWU-PMA Welfare Plan ("ILWU-PMA") on September 4, 2014.  (Dkt. No. 1 ["Removal Notice"], Exh. A ["Compl."].)

The form complaint alleges that Mr. Provost "is an MD and provided anesthesia care for a member of ILWU-PMA.  No payment has been received and no explanation as to why payment is being withheld."  (Compl. ¶ 3.)  On December 12, 2014, ILWU-PMA filed a notice of removal to this Court, asserting federal question jurisdiction on the basis of complete preemption under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C § 1001 *et seq*.  (Removal Notice.)  Ten days after filing its notice of removal, ILWU-PMA filed a motion to dismiss for lack of standing to bring an ERISA claim.  (Dkt. No. 7.)  Mr. Provost opposed the motion, arguing that complete preemption does not apply, (Dkt. No. 15 ["Pl.'s Opp'n"]), and ILWU-PMA filed a reply, (Dkt. No. 17 ["Def.'s Reply"]).  Through these papers, the parties have raised and argued the threshold jurisdictional issue that the Court must resolve.  Having considered the notice of removal and the papers submitted by the parties, the Court concludes that it lacks subject matter jurisdiction and **REMANDS** this action to Orange County Superior Court.[1]

## II.  LEGAL STANDARD

A civil action brought in a state court, but over which a federal court may exercise original jurisdiction, may be removed by the defendant to a federal district court.  28 U.S.C. § 1441(a).  "A suit may be removed to federal court under 28 U.S.C. § 1441(a) only if it could have been brought there originally."  *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987); *Infuturia Global Ltd. v. Sequus Pharm., Inc.*, 631 F.3d 1133, 1135 n.1 (9th Cir. 2011) ("[A] federal court must have both removal and subject matter jurisdiction to hear a case removed from state court.").  The removal statute is strictly construed against removal jurisdiction and, consequently, "the defendant always has the burden of establishing that removal is proper."  *Gaus v. Miles, Inc.,* 980

---

[1]  The Court finds that a hearing on this jurisdictional issue is unnecessary.  The hearing on ILWU-PMA's motion to dismiss set for February 9, 2015 at 1:30 p.m. is hereby vacated and off calendar.

F.2d 564, 566 (9th Cir. 1992); *see also id.* ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").  If it appears that the federal court lacks subject matter jurisdiction at any time prior to the entry of final judgment, the federal court must remand the action to state court.  28 U.S.C. § 1447(c).

## III.  ANALYSIS

Generally, a cause of action arises under federal law only when a question arising under federal law appears on the face of the plaintiff's well-pleading complaint.  *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).  However, as an exception to this rule, common law claims filed in state court that fall within the scope of section 502(a) of ERISA are completely preempted and subject to removal to federal court.  *Metro. Life Ins. Co*, 481 U.S. at 67; *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 945 (9th Cir. 2009).  A claim is completely preempted by ERISA if (1) an individual, at some point in time, could have brought the claim under ERISA section 502(a)(1)(b), and (2) there is no independent legal duty that is implicated by a defendant's actions.  *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004) (setting forth two-prong test for complete ERISA preemption).[2]  Here, an ERISA claim does not appear on the face of Mr. Provost's Complaint, and ILWU-PMA has not satisfied the two requirements for complete ERISA preemption.

//
//
//

---

[2]  By contrast, removal is improper where the defendant may raise ERISA *conflict* preemption under section 514(a), 29 U.S.C. § 1144(a), but the "claim is not capable of characterization as an ERISA claim [under § 502(a)]." *Toumajian v. Frailey*, 135 F.3d 648, 654 (9th Cir. 1998), *abrogated on other grounds by Davila*, 542 U.S. at 214 n.4, 217–18; *see also id.* ("The mere fact that ERISA preemption under § 1144(a) may be raised as a defense, or is in actuality a defense, does not confer jurisdiction or authorize removal.").

### A.  *Davila*'s First Prong

The first prong asks whether "an individual, at some point in time, could have brought this claim under ERISA § 502(a)(1)(B)."  *Metro Life*, 481 U.S. at 210.  Section 502(a)(1)(B) states, "A civil action may be brought by a participant or beneficiary to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).  Here, contrary to ILWU-PMA's contentions, the Complaint does not clearly indicate that Mr. Provost is seeking relief under the terms of an ERISA-covered plan or to enforce rights under the terms of such a plan.  (*See* Def.'s Reply at 2.) Rather, the Complaint only alleges that Mr. Provost provided anesthesia care for a patient who was a member of ILWU-PMA.  (Compl. ¶ 3.)  Although such a claim may relate to an ERISA-covered ILWU-PMA plan, this alone does not furnish a basis for subject matter jurisdiction.  *See Dishman v. UNUM Life Ins. Co. of America*, 269 F.3d 974, 984 (9th Cir. 2001) (rejecting ERISA preemption even where a claim "obviously . . . related to the plan because "preemption does not occur . . . if the state law has only a tenuous, remote, or peripheral connection with covered plans"); *see also Toumajian*, 135 F.3d at 654.  Thus, ILWU-PMA has not met its burden to show that the first prong of *Davila* is satisfied.  On this basis alone, removal under complete ERISA preemption was improper. *See Marin*, 581 F.3d at 947 ("The two-prong test of *Davila* is in the conjunctive.").

### B.  *Davila*'s Second Prong

Additionally, ILWU-PMA has failed to establish the second prong of the *Davila* test.  Under the second prong, there must be "no other independent legal duty that is implicated by a defendant's action."  *Metro Life*, 481 U.S. at 210.  Courts recognize that "not all state law claims are preempted."  *The Meadows v. Emp'rs Health Ins.*, 47 F.3d 1006, 1009 (9th Cir. 1995).  On the face of the Complaint, it does not clearly identify the

legal basis for the requested $10,000, and ILWU-PMA has not shown that no other independent legal duty is implicated.  Moreover, Mr. Provost has clarified through a declaration that he is asserting claims for negligent misrepresentation, breach of oral and implied-in-fact contracts, and estoppel that are all based on prior oral representations that the proposed surgery was authorized.  (Pl.'s Opp'n at 4; Dkt. No. 16 ["Provost Decl."] ¶¶ 4–6.); *see Denes v. Travelers Indem. Co.*, No. C 07-4811 CW, 2008 WL 449879, at *5 (N.D. Cal. Feb. 15, 2008) ("[T]he Court sees no reason to disregard Plaintiff's representation that she in fact does not assert [an ERISA] claim.").  These claims are based on Mr. Provost's status as a "third-party who sues an ERISA plan not as an assignee of a purported ERISA beneficiary, but as an independent entity claiming damages" and are consistent with the types of claims that courts have held are not subject to complete ERISA preemption.  *The Meadows*, 47 F.3d at 1008–09; *see, e.g.*, *Marin*, 581 F.3d at 943, 950 (no complete preemption of hospital's claims to obtain payments based on oral promises for 90% coverage of a patient's treatment); *Blue Cross of Cal. v. Anesthesia Care Assocs. Med. Grp., Inc.*, 187 F.3d 1045, 1050–51 (9th Cir. 1999) (no complete preemption where medical provider sought recovery against health care plan for breach of provider agreements).

The Court simply cannot and will not assert subject matter jurisdiction over this action based on a claim that Mr. Provost does not intend to pursue.  *See Denes*, 2008 WL 449879, at *5.  This is particularly true, now that Mr. Provost is judicially estopped from asserting claims for benefits under an ERISA plan.  *See id.* ("Where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." (quoting *New Hampshire v. Maine,* 532 U.S. 742, 749 (2001)).

//

**IV.  CONCLUSION**

Accordingly, the Court REMANDS the case for lack of subject matter jurisdiction.

DATED:      February 4, 2015

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE